UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARGARET JACOBSON, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:14-cv-01594-JMS-DML |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| *Defendant*. | ) | |

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Margaret Jacobson applied for disability insurance benefits from the Social Security Administration ("SSA") on February 12, 2010, alleging a disability onset date of January 1, 2010. [Filing No. 16-5 at 2.] Her application was denied initially on May 6, 2010, [Filing No. 16-4 at 4-6], and upon reconsideration on July 22, 2010, [Filing 16-4 at 10-11]. Administrative Law Judge William E. Sampson (the "ALJ") held a video hearing on May 16, 2011 and issued an opinion concluding that Ms. Jacobson was not disabled as defined by the Social Security Act (the "Act") on August 19, 2011. [Filing No. 16-3 at 7-12.] The Appeals Council remanded Ms. Jacobson's case to the ALJ on November 5, 2012. [Filing No. 16-3 at 18-20.] The ALJ held a second video hearing on May 6, 2013, [Filing No. 16-2 at 25-51], and issued a second opinion concluding that Ms. Jacobson was not disabled on June 12, 2013, [Filing No. 16-2 at 9-19]. The Appeals Council denied Ms. Jacobson's request for review on August 1, 2014, making the ALJ's decision the Commissioner's "final decision" subject to judicial review. [Filing No. 16-2 at 2-4.] Ms. Jacobson, representing herself *pro se*, filed this civil action pursuant to 42 U.S.C. § 405(g), asking this Court to review the denial of benefits. [Filing No. 1.]

# I.
## STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214, 122 S.Ct. 1265, 152 L.Ed.2d 330 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last…not less than 12 months." *Id.* at 217.

In reviewing an adverse benefits decision, the Court is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotation omitted).

The ALJ must apply the five-step sequential inquiry set forth in 20 C.F.R. § 404.1520(a)(4) to determine:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original).  "If a claimant satisfies steps one, two, and three, she will automatically be found disabled.  If a claimant satisfies steps one and two, but not three, then she must satisfy step four.  Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy."  *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995) (citation omitted).

After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe."  *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009).  In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling."  *Id.*  The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and, if not, at Step Five to determine whether the claimant can perform other work.  *See* 20 C.F.R. § 416.920(e), (g).  The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner.  *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits.  *Barnett*, 381 F.3d at 668.  When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy.  *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).  An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion."  *Id.* (citation omitted).

## II.
### BACKGROUND

Ms. Jacobson was forty-seven years old at the time she applied for disability benefits, alleging a disability onset date of January 1, 2010.  [Filing No. 16-5 at 2.]  Ms. Jacobson has a high

school education, [Filing No. 16-6 at 17], and last worked at Love's Travel Stop as a cashier, [Filing No. 16-2 at 39; Filing No. 16-6 at 18].   Ms. Jacobson cites the combined effects of fibromyalgia, carpal tunnel, tendonitis, and depression in support of her disability and inability to maintain work.  [Filing No. 16-6 at 16.]  Ms. Jacobson was last insured for purposes of disability on June 30, 2015.  [Filing No. 16-2 at 12.]  Using the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4), the ALJ concluded that Ms. Jacobson is not disabled. [Filing No. 16-2 at 19.]  The ALJ found as follows:

- At Step One of the analysis, the ALJ found that Ms. Jacobson has not engaged in substantial gainful activity since her alleged onset date of January 1, 2010. [Filing No. 16-2 at 12.]

- At Step Two of the analysis, the ALJ found that Ms. Jacobson has the following severe impairments: "fibromyalgia, obesity, bilateral carpal tunnel syndrome, and affective disorder."  [Filing No. 16-2 at 12.]

- At Step Three of the analysis, the ALJ found that Ms. Jacobson did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  [Filing No. 16-2 at 12.]  The ALJ reached this conclusion after considering various listings.  [Filing No. 16-2 at 12-15.]  The ALJ concluded that Ms. Jacobson had the residual functional capacity ("RFC") to perform light work with limitations, including that "[T]he claimant: can lift and carry twenty pounds occasionally and ten pounds frequently.  The claimant can sit for six hours and stand and/or walk for six hours for a total of eight hours in a workday, with normal breaks.  The claimant can occasionally climb stairs and ramps, but cannot climb ladders, ropes, and

scaffolds.  The claimant can occasionally balance, stoop, crouch, and crawl. The claimant is limited to simple, routine, repetitive tasks.  The claimant is limited to occasional interaction with coworkers and supervisors and no interaction with the public."  [Filing No. 16-2 at 15.]

· At Step Four of the analysis, the ALJ found that Ms. Jacobson was unable to perform any past relevant work.  [Filing No. 16-2 at 17-18.]

· At Step Five of the analysis, the ALJ found that Ms. Jacobson could perform other jobs existing in the national economy, including folding machine operator, marker, and photocopy machine operator.  [Filing No. 16-2 at 18-19.]

Based on these findings, the ALJ concluded that Ms. Jacobson is not disabled as defined by the Act and, thus, is not entitled to the requested disability benefits.  [Filing No. 16-2 at 19.] Ms. Jacobson requested that the Appeals Council review the ALJ's decision, but that request was denied on August 1, 2014, [Filing No. 16-2 at 2-4], making the ALJ's decision the Commissioner's "final decision" subject to judicial review.  Ms. Jacobson filed this civil action pursuant to 42 U.S.C. § 405(g), asking this Court to review the denial of benefits.  [Filing No. 1.]

### III.
#### DISCUSSION

Ms. Jacobson in her Complaint states that the Commissioner's decision is not supported by substantial evidence, [Filing No. 1], and in her brief summarizes her job history and medical conditions, [Filing No. 18].  In response, the Commissioner summarizes the relevant evidence and argues that substantial evidence supports the ALJ's findings.  [Filing No. 23 at 8-14.]  Ms. Jacobson did not file a reply brief.

The Court is mindful of the fact that Ms. Jacobson is representing herself *pro se* in this matter.  That does not, however, alter the fact that this Court's role is limited to reviewing the

ALJ's decision, and ensuring that the evidence that was before the ALJ supports that decision.  A claimant representing herself must still "present arguments supported by legal authority and citations to the record." *Cadenhead v. Astrue*, 410 F. App'x 982, 984 (7th Cir. 2011) (citing *Correa v. White*, 518 F.3d 516, 517 (7th Cir. 2008)).  "A generalized assertion of error is not sufficient to challenge an adverse ruling, and undeveloped or unsupported contentions are waived." *Id.* (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)).

Ms. Jacobson does not develop any arguments regarding how the ALJ's decision is allegedly erroneous.  [*See* Filing No. 18.]  Instead, Ms. Jacobson summarizes her job history and medical conditions, generally asserting that she is disabled.  [Filing No. 18.]  This general challenge is insufficient, and the Court concludes that Ms. Jacobson has waived any argument of specific error regarding the ALJ's opinion finding her not to be disabled as defined by the Social Security Act.  Therefore, the Court must affirm the Commissioner's decision.

## IV.
### CONCLUSION

Ms. Jacobson has presented no legal basis to overturn the Commissioner's decision denying her request for disability insurance benefits.   Therefore, the decision below is **AFFIRMED**.  Final judgment shall issue accordingly.

Date: November 12, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Margaret Jacobson
1360 W. 650 S.
Lebanon, IN 46052